UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY LIVINGSTON ALLEN,

                Petitioner,

vs.                                    Case No.  2:07-cv-574-FtM-29DNF
                                       Case No.  2:03-cr-74-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.

_____

### OPINION AND ORDER

_____This matter comes before the Court on petitioner Gary Livingston Allen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #227)[1] and Supporting Memorandum (Cv. Doc. #2, Cr. Doc. #228), both filed on September 10, 2007.  With the Court's permission (Cv. Docs. ##8, 10, 12, 15), petitioner was allowed to file a supplemental Amended Claims to His Habeas Corpus Motion Filed Pursuant to Title 28 U.S.C. § 2255 (Cv. Doc. #14) on April 16, 2008.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #16) on June 6, 2008.  Petitioner thereafter filed his Opposition to the Government's

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case  as "Cr. Doc."

Response (Cv. Doc. #17) on July 9, 2008.  For the reasons set forth below, the § 2255 motion is denied.

## I.

On June 25, 2003, a federal grand jury in Fort Myers, Florida returned a twelve-count Indictment (Cr. Doc. #39) naming petitioner Gary Livingston Allen (petitioner or Allen) and four other defendants.  Petitioner was charged in Count One with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine; in Count Four with using and carrying a firearm and possession of a firearm in furtherance of a drug trafficking crime; in Count Eight with possession of a firearm by a convicted felon; and in Count Nine with possession of a firearm by an unlawful alien. After a jury trial, petitioner was convicted of all four counts and sentenced to life imprisonment as to Count One, 120 months imprisonment as to Counts Eight and Nine, concurrently, and 60 months imprisonment as to Count Four, consecutively with the sentences imposed on the other three counts.  Petitioner's convictions and sentences were affirmed in United States v. Paisley, 178 Fed. Appx. 955 (11th Cir. 2006).  Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court, which was denied.  Allen v. United States, 127 S. Ct. 555 (2006).  The United States concedes that petitioner's § 2255 motion is timely (Cv. Doc. #16, p. 8), and the Court concurs.

## II.

Petitioner raises a number of issues asserting errors by the government, errors by the court, and ineffective assistance of counsel by both trial and appellate counsel.  The legal principles as to the substantive issues will be set forth below as needed to address specific issues.  The general legal principles concerning ineffective assistance of counsel are well-settled.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so.  Massaro v. United States, 538 U.S. 500 (2003).  The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  Id.  A court must adhere to a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel.  Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77.  If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Non-meritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel.  Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

## III.

In Count One of the Indictment, petitioner was charged with conspiracy to possess within intent to distribute five or more kilograms of cocaine.  (Cr. Doc. #39.)  A defendant convicted of this offense who has two or more prior felony drug offense convictions is subject to an enhanced penalty of mandatory life imprisonment without release.  21 U.S.C. § 841(b)(1)(A).  To trigger this enhanced statutory penalty, the government must comply

with the requirements of 21 U.S.C. § 851.  The information requirement of § 851 is jurisdictional in the sense that "unless the government strictly complies, the district court lacks jurisdiction to impose the enhanced sentence." United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007).  After compliance, however, a court has no discretion to impose a lesser sentence than the statutory mandatory minimum.  United States v. Simpson, 228 F.3d 1294, 1302-04 (11th Cir. 2000).

In this case the government filed a Notice of Government's Intention to Use Prior Convictions to Enhance the Penalty as to Count One of the Indictment as to Defendant Allen (Cr. Doc. #92) and an Information Charging Prior Convictions as to Defendant Gary Livingston Allen (Cr. Doc. #93), setting forth two prior state court drug convictions: (1) Possession of Cannabis with Intent to Deliver/Sell, and (2) Possession/Purchase/Delivery/ Manufacture Cannabis.  The Notice and the Information reflected that while petitioner had been charged in separate state cases, the sentences were imposed on the same date.  Certified copies of the Judgments in the cases were attached to the Information.  The Notice and the Information stated that the government was relying upon these prior convictions to support application of the enhanced penalties imposed by 21 U.S.C. § 841(b)(1)(A)(ii).  At sentencing the Court imposed a sentence of life imprisonment as to Count One.

Petitioner concedes that "[t]he government complied with the mandatory requirements of § 851(a) when it timely filed an

information pursuant to § 851(a), notifying the Petitioner of its intention to seek an enhanced penalty following conviction." (Cv. Doc. #2, p. 3.)  Petitioner also concedes that he was "notified that he faced a mandatory life term of imprisonment pursuant to Title 21 U.S.C. § 841(b)(1)(A) within the contents of the same § 851 information."  (Cv. Doc. #2, p. 3.)  Petitioner, however, raises a number of issues relating to the mandatory life sentence and the procedures followed to determine he was subject to the enhancement, as well as the career offender enhancement under the Sentencing Guidelines. Read liberally, petitioner asserts the following claims relating to the § 851 enhancement and/or the career offender enhancement: (1) The prosecution failed to provide the court with the judgment and commitment orders of the prior convictions, as required by § 851(b); (2) the district court failed to inquire of petitioner whether he confirmed or denied the prior convictions, as required by § 851(b), thus depriving petitioner of the opportunity to challenge the prior convictions; (3) the government improperly relied upon an aggravated battery conviction which had been omitted from the § 851(a) Information for a sentencing enhancement; (4) the sentencing court improperly considered the omitted Aggravated Battery conviction in applying a sentencing enhancement; (5) the court erred in finding a sentencing enhancement proper because (a) the two convictions identified in the § 851 Information were consolidated for conviction and sentencing purposes under Florida law and therefore constituted

-6-

only a single conviction, and (b) the Aggravated Battery was not a "conviction" because adjudication had been withheld in state court; (6) his attorney provided ineffective assistance by failing to file a response to the § 851(a) Information; and (7) his sentencing attorney was ineffective for failing to have the government and the court comply with the § 851(b) requirements.  (Cv. Doc. #2, pp. 2-4.)  For the reasons discussed below, the Court finds that these claims are without merit.

**A.  Copy of Prior Conviction Judgment and Commitment Orders:**

Petitioner claims that the prosecution was required by § 851(b) to provide the Court with a copy of the judgment and commitment orders of the prior convictions, and that it failed to do so.  (Cv. Doc. #2, pp. 2-4.)  Both claims are incorrect.

Nothing in § 851(b) requires the government to produce or file a copy of the judgment and commitment order of a prior conviction identified in the § 851(a) Information.  Section 851(a) only requires that the information "stat[e] in writing the previous convictions to be relied upon."  21 U.S.C. § 851(a).  "The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section."  21 U.S.C. § 851(c)(1).  Indeed, the Eleventh Circuit has upheld a § 851-enhanced sentence where such documents were never produced because they were sealed

-7-

by the state court.  <u>United States v. Acosta</u>, 287 F.3d 1034, 1037-38 (11th Cir. 2002).

In any event, the government <u>did</u> attach the judgment and commitment orders for both prior convictions to the §851(a) Information.  (<u>See</u> Cr. Doc. #93, pp. 3-10.)  Therefore, these claims of error are without merit.

**B.  Inquiry of Petitioner to Affirm or Deny:**

Petitioner claims that the Court failed to comply with its obligation to inquire, after conviction but before sentencing, whether he affirmed or denied the prior convictions, and that this failure deprived him of the opportunity to challenge the prior convictions.  (Cv. Doc. #2, pp. 2-4.)  These claims are not supported by the record.

It is certainly correct that "the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."  21 U.S.C. § 851(b).  Petitioner's claim that the district court failed to do so is refuted by the record.

Immediately after the jury verdict, the Court adjudicated petitioner guilty of the charged offenses and confirmed that defense counsel had been provided with a copy of the § 851

-8-

Information.   (Cr. Doc. #193, p. 950.)   The Court then advised

petitioner as follows:

> THE COURT: Mr. Allen, the Court is obligated to advise
> you of the fact that there has been that information
> filed, and that you will be called upon to either confirm
> or deny the existence of those convictions.  This will be
> your only opportunity to challenge any prior convictions
> and that must be made before sentence is imposed.  That
> sentence in you case will be January 26 of 2004 at 10:30
> in the morning.  Do you understand that?
>
> DEFENDANT ALLEN: Say the last part again, sir?
>
> THE COURT: The date of sentencing January 26, 2004 at
> 10:30.
>
> DEFENDANT ALLEN: OK.
>
> THE COURT: Did you understand what I said about the prior
> convictions?
>
> MR. CREEL [defense counsel]: We would deny any prior
> convictions, your Honor.
>
> THE COURT: If you're going to do that, you need to file
> a written denial.  That's set forth in the statute, Title
> 21 United States Code 851, sets forth the procedure.  You
> can discuss that in detail with you attorney.
>
> DEFENDANT ALLEN: Thank you, Judge.
>
> THE COURT: Mr. Creel, anything else?
>
> MR. CREEL: No, your Honor.

(Cr. Doc. #193, pp. 950-51.)

The Presentence Report stated the following concerning the §

851 Information:

> On September 9, 2003, the United States Attorney's Office
> filed an Information requesting an enhancement of the
> statutory penalty in this case based upon the previous
> convictions referenced in paragraphs 63 and 65 of the
> presentence report.  **The presentence investigation
> confirms the validity of these convictions.  Pursuant to**

> **the provisions of 21 U.S.C. § 851(b), the presentence
> report is disclosed to the defendant and counsel to
> affirm or deny the convictions when filing their written
> objections to the report.** If the convictions are denied,
> a copy of the written denial will be forwarded to the
> United States Attorney's Office per 21 U.S.C. § 851(c).

Presentence Report, ¶ 98 (emphasis in original). Defense counsel

filed a written letter dated January 12, 2004 as his "formal

objection to the PSR." Presentence Report, Addendum. The letter

stated in part:

> Of concern in this particular cause is the notice of the
> Government to sentence the Defendant pursuant to 21
> U.S.C. 851 to life imprisonment. After reviewing the
> Presentence Investigation Report counsel is unable to
> represent that the convictions set forth are invalid.
> However counsel does note that adjudication was withheld
> in 00-9895CF10B, 99-16896CF10B, and 99-177736CF10A.
> These are all priors relied on by the Government in the
> quest to enhance his sentence. In addition all crimes
> were pled nolo contender to on the same date initially,
> namely February 13, 2001. It appears that this offender
> is not the type of offender that is envisioned by the
> Statute.

Presentence Report, Addendum.

At the scheduled sentencing, defense counsel stated there were

no factual objections to the contents of the Presentence Report.

(Cr. Doc. #198, p. 4.)  The Court repeated the § 851 advice,

stating:

> Mr. Allen, there was that information filed by the
> government which sets forth some prior convictions that
> the government says you have. This hearing, this
> proceeding today is your opportunity to challenge any
> prior convictions. If you don't challenge those
> convictions before sentence is imposed you may not
> thereafter raise any attack upon the sentence based upon
> the information filed. You will be called upon to either
> affirm or deny that you were previously convicted [of]

> the charges set forth in the information.  Do you
> understand that?

(Id. at pp. 4-5.)  Petitioner replied "Yes, sir."  (Id. at p. 5.)

Defense counsel then argued that the Information was filed too late

because it had been filed on the first day of trial (Id. at pp. 5-

6) and that the convictions should not be counted as separate

convictions because they were consolidated for purposes of

sentencing (Id. at pp. 6-8.)  Defense counsel stated that he could

not contest that the specific convictions occurred, but was

asserting that they should not be counted as separate convictions.

(Id. at p. 10.)  The Court continued the sentencing hearing in

order to review the law in the area.  (Id. at p. 11.)  Defense

counsel stated that he would file the written objection, but the

Court stated "I don't need a written objection now.  I know what

your objection is. . . ."  (Id. at p. 12.)  The Court subsequently

entered an Order (Cr. Doc. #152) finding that the § 851 Information

was timely filed and that the two drug offenses were properly

considered as two convictions for purposes of § 851.

At the next scheduled sentencing date defense counsel again

stated there were no factual objections to the Presentence Report

(Cr. Doc. #203, p. 4.)  After hearing from petitioner, defense

counsel, and the government, the Court imposed the statutory

mandatory minimum life imprisonment sentence as to Count One.

The record clearly establishes compliance with the § 851(b)

requirements that petitioner be asked to affirm or deny the

convictions.   Therefore, petitioner's claim that such an inquiry was not made as required by § 851(b) is without merit.

**C.  Ineffective Assistance, No Written § 851 Response:**

Petitioner asserts that his attorney provided ineffective assistance by failing to file a written response to the § 851(a) Information.  This, petitioner asserts, precluded his opportunity to challenge the prior convictions, which he wanted to do.  (Cv. Doc. #2, p. 4.)

A written response is to be filed if a defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid. . . ."  21 U.S.C. § 951(c)(1). The record reflects that defense counsel filed a written response with the Probation Office which did not deny any allegation in the Information or claim that any conviction was invalid.   Rather, defense counsel made legal objections to the Court as to the timeliness of the Information and to consideration of the two drug convictions as separate offenses.   Additionally, the sentencing court specifically told counsel he did not need to file a written response to raise these issues, and considered the issues on the merits.  Therefore defense counsel's performance was not deficient, there was no prejudice to petitioner, and this issue is without merit.

**D.  Conviction Omitted From §851 Information:**

Petitioner argues that the government and the Court improperly relied upon an aggravated battery conviction which had been omitted from the § 851(a) Information for a sentencing enhancement.  (Cv. Doc. #2, p. 3.)  The record establishes the contrary.

It is correct that neither the government nor the Court can rely upon a conviction which was omitted from a § 851(a) information to determine whether the statutory enhancement of Title 21 U.S.C. § 841(b)(1)(A) was applicable.  United States v. Rutherford, 175 F.3d 899, 904 (11th Cir. 1999), cert. denied, 534 U.S. 835 (2001).  That, however, did not happen in this case, and petitioner confuses the statutory enhancement pursuant to §851(a) with the Sentencing Guidelines enhancement as a Career Offender under U.S.S.G. § 4B1.1.

The Aggravated Battery conviction was used only for the Career Offender enhancement (Presentence Report, ¶ 56) and not the § 851(a) statutory enhancement (Presentence Report, ¶ 98 referencing ¶¶ 63, 65).  Use of the Aggravated Battery was proper for Career Offender considerations despite its absence from the § 851 Information.  It is clear that "the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range."  Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991).  See also United

-13-

States v. Suarez, 214 Fed. Appx. 937, 939-40 (11th Cir. 2007).  The sentences imposed on all counts fell within the permissible statutory ranges, and therefore no error occurred.  Therefore, this issue is without merit.

**E. Prior Convictions as Single Conviction:**

Petitioner argues that the two drug convictions identified in the § 851 Information had been consolidated for conviction and sentencing purposes under Florida law and therefore constituted only a single conviction.  Petitioner also asserts that Florida law governs this issue.  For these reasons, petitioner asserts that he did not qualify for the statutory enhancement of mandatory life imprisonment or as a career offender.  Petitioner also asserts that his attorney provided ineffective assistance of counsel by allowing the district court to commit such error.  (Cv. Doc. #2, pp. 4-6, 9.)

Section 841(b)(1)(A) requires "two or more" prior felony drug offenses in order for a defendant to qualify for the mandatory life sentence.  21 U.S.C. § 841(b)(1)(A).  Under some circumstances, convictions which are literally distinct may still only qualify as a single conviction.  Thus, "if the prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)." United States v. Rice, 43 F.3d 601, 605 (11th Cir. 1995).  Whether convictions qualify as only a single conviction is a factual determination for the court.  Id. at 606.

-14-

As to petitioner's first relevant drug conviction, the Presentence Report establishes that on September 30, 1999, Hollywood, Florida Police Department detectives responded to a United Parcel Service (UPS) location after the discovery of 10.4 pounds of marijuana contained in a package addressed to a female in Pembroke Pines, Florida.  An undercover detective went to the address posing as an UPS employee, met with a female, and advised that he had discovered the marijuana and wanted several hundred dollars for its return.  The undercover detective gave the female a pager number and left.  On October 1, 1999, petitioner paged the undercover detective and arranged a meeting.  At the meeting petitioner agreed to give the undercover detective $300 in return for the marijuana.  Petitioner completed the transaction, took the marijuana, and left.  He was arrested shortly thereafter on the same day.  Petitioner pled *nolo contendere* with adjudication withheld on February 13, 2001, and was placed on thirty-six months probation.  On October 17, 2002, petitioner pled guilty to violation of probation and was sentenced to 30 days.  (Presentence Report, ¶ 63.)

As to petitioner's second relevant drug conviction, the Presentence Report establishes that on June 2, 2000, Broward County, Florida Sheriff's Office deputies executed a search warrant at a residence in Sunrise, Florida and found over 28 grams of marijuana packaged in numerous baggies.  Petitioner was arrested and admitted renting the residence.  Petitioner was charged with

-15-

Possession of Cannabis with Intent to Deliver/Sell, pled guilty with adjudication withheld on February 13, 2001, and was placed on thirty-six months probation.  On October 17, 2002, petitioner pled guilty to violation of probation and was sentenced to 30 days. (Presentence Report, ¶ 65.)

The conduct underlying the two convictions occurred on different dates approximately eight months apart, and in two different cities in Florida.  "Because the best marker of recidivism is repetition over time, we hold that convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses under section 841(b)(1)(A)." Rice, 43 F.3d at 608.  Contrary to petitioners' argument, consolidation and concurrent sentences imposed by a state court does not result in the two convictions being considered as one for purposes of § 841(b)(1)(A).  Rice, 43 F.3d at 607.  See also United States v. Richardson, 273 Fed. Appx. 793, 796 (11th Cir. 2008).

Counsel did not provide ineffective assistance.  Counsel raised and argued the issue that the two convictions should only be counted as one, but his position was overruled by the Court. Therefore, neither the substantive issue nor the ineffective assistance of counsel issues have merit.

**F.  Predicate Offenses As "Convictions":**

Petitioner asserts that the Aggravated Battery and the two drug convictions were not "convictions" for purposes of § 851 or the Career Offender enhancement because adjudication had been

withheld in state court. Petitioner also argues that his attorney was ineffective in allowing the district court to commit such error, thereby allowing the district court to interfere with the sovereign law of the State of Florida (Cv. Doc. #2, pp. 4, 5-6). The Court disagrees with both claims.

The Presentence Report set forth that petitioner qualified as a career offender based upon three prior convictions: the two drug convictions which were also the basis of the § 851(a) statutory enhancement and an earlier Aggravated Battery conviction. (Presentence Report, ¶ 56.) The Presentence Report also established that petitioner had entered a plea of *nolo contendere* to Aggravated Battery and that adjudication had been withheld. Id. at ¶ 61. Nonetheless, this constituted a felony conviction for purposes of his federal sentence.

"The word 'conviction,' as it is used in section 841, will be defined according to federal law." Acosta, 287 F.3d at 1036. The Eleventh Circuit has held that a plea of *nolo contendere* with adjudication withheld in a Florida state court is a conviction which supports a § 841 sentence enhancement. United States v. Smith, 96 F.3d 1350 (11th Cir. 1996); United States v. Fernandez, 58 F.3d 593 (11th Cir. 1995); United States v. Mejias, 47 F.3d 401 (11th Cir. 1995). Additionally, the Eleventh Circuit has held that a plea of *nolo contendere* with adjudication withheld in a Florida state court is a conviction for career offender purposes. United

States v. Jones, 910 F.2d 760, 761 (11th Cir. 1990).  Petitioner's reliance on United States v. Willis, 106 F.3d 966, 970 (11th Cir. 1997) is misplaced because a different statute was involved and that statute specifically provided that the state law definition of conviction would apply.  See United States v. Maupin, 520 F.3d 1304, 1306-07 (11th Cir. 2008)(discussing the general rule that federal law applies and distinguishing Willis).  An attorney is not required to raise a non-meritorious issue in order to avoid being constitutionally ineffective.  Therefore, these issues are without merit.

### G.  Ineffective Assistance, § 851 Procedures:

Petitioner contends that his sentencing attorney was ineffective in failing to have the government and the Court comply with the § 851(b) requirements detailed above.  (Cv. Doc. #2, p. 4.)  Petitioner also suggests that his appellate attorney provided ineffective assistance by failing to raise on direct appeal the issues that the consolidated convictions could be counted only once and that the aggravated battery was not a qualifying conviction. (Cv. Doc. #2, pp. 8-9.)  As set forth above, both the government and the Court complied with the § 851 requirements, and defense counsel did raise the issue of whether the two drug convictions could be counted separately at sentencing.  Neither trial counsel not appellate counsel is ineffective for otherwise failing to raise non-meritorious issues.  Therefore, these issues are without merit.

**IV.**

Petitioner asserts that the district court committed constitutional error by increasing his sentence above the Sentencing Guidelines range based on a quantity of drugs which had not been proven beyond a reasonable doubt to the jury. Count One of the Indictment alleged petitioner conspired to possess with intent to distribute five or more kilograms of cocaine. Petitioner was convicted by the jury of conspiracy involving "five kilograms or more" of cocaine. (Cr. Doc. #115.) The sentencing court, however, determined that petitioner was responsible for at least fifteen kilograms of cocaine. Petitioner argues that this was constitutional error under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Correctly computed, petitioner argues, his Sentencing Guidelines range was 135 to 168 months.[2] (Cv. Doc. #2, pp. 10-16.)

Petitioner also argues that his attorney was ineffective in failing to make objections to the district court determining the

---

[2]Petitioner concedes that the Court can still make findings of fact based upon the preponderance of the evidence after Apprendi, Blakely, and Booker, under the advisory Sentencing Guidelines. (Cv. Doc. #2, pp. 14-15.) This is clearly correct. United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005). Petitioner argues, however, that under Blakely the Court cannot impose a sentence above the Sentencing Guidelines range, even if it is less than the statutory maximum. This is clearly incorrect. There is no error if the court imposes a sentence within the statutory maximum. United States v. Sanchez, 269 F.3d 1250, 1268 (11th Cir. 2001)(en banc).

drug quantity as being at least fifteen kilograms, and failing to correctly, fully and fairly raise the claim of constitutional Booker error.  Additionally, petitioner argues that while counsel raised a statutory Booker issue on direct appeal, he failed to raise the constitutional Booker issue.  (Cv. Doc. #2, pp. 10-16.)

The Eleventh Circuit has already found that "the district court did not commit constitutional Booker error because Allen did not object to his offense level being based on a 21 to 30 kilogram drug amount." Paisley, 178 Fed. Appx. at 964.  Even if counsel had objected and the Court still had committed constitutional Booker error, the sentence need not be vacated if the government establishes beyond a reasonable doubt that the error was harmless because it did not contribute to the sentence imposed.  United States v. Houston, 456 F.3d 1328, 1339-40 (11th Cir. 2006), cert. denied, 127 S. Ct. 2148 (2007).  The government has made such a showing in this case.  Petitioner was sentenced on Counts One and Four to the statutory mandatory minimum sentences, and Booker does not allow a district court to deviate from such statutory mandatory minimum sentences.  United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007); United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005).  Petitioner was sentenced on the other counts of conviction based upon his status as a Career Offender, and consideration of prior convictions not listed in the indictment or admitted by a defendant is not Booker error.  Booker, 543 U.S. at 244; Almendarez-Torres v. United States, 523 U.S. 224, 226-27

(1998); <u>United States v. Martinez</u>, 434 F.3d 1318, 1323 (11th Cir.), <u>cert. denied</u>, 548 U.S. 918 (2006); <u>United States v. Glover</u>, 431 F.3d 744, 749 (11th Cir. 2005).

Petitioner is also incorrect in his interpretation of <u>Booker</u> as limiting the sentence to the Sentencing Guidelines range. Petitioner argues that, assuming the invalidity of his enhancements, his Sentencing Guidelines range is 135 to 168 months based upon the jury's finding of five kilograms of cocaine and his Criminal History Category III.  This means, petitioner argues, that the maximum sentence is 168 months.  (Cv. Doc. #2, pp. 14-15.) Under <u>Booker</u>, however, "any fact, other than the fact of a prior conviction, that increases the defendant's sentence *beyond the prescribed statutory maximum* must be admitted by the defendant or proved to the jury beyond a reasonable doubt."  <u>Houston</u>, 456 F.3d at 1340 (citing <u>Booker</u> and <u>Apprendi</u>)(emphasis added).  <u>See also</u> <u>United States v. Sanchez</u>, 269 F.3d 1250, 1268 (11th Cir. 2001)(en banc).

Petitioner's attorney was not ineffective by failing to object to the quantity of drugs or to claim a constitutional <u>Booker</u> error on direct appeal.  As noted above, the Eleventh Circuit did consider the constitutional <u>Booker</u> error issue.  <u>Paisley</u>, 178 Fed. Appx. at 964.  There was ample evidence to support the sentencing court's determination as to the quantity of drugs attributable to petitioner in the conspiracy, even if no drugs actually existed in

this reverse sting.  United States v. Chirinos, 112 F.3d 1089, 1103 (11th Cir. 1997).   The Court finds that counsel was not constitutionally ineffective in failing to object to the quantity.

**V.**

Petitioner asserts that the district court committed statutory Booker error by sentencing him under the mandatory Sentencing Guidelines with convictions which did not qualify for the statutory enhancement, and that under the advisory Sentencing Guidelines there were factors which would have permitted the court to impose a lesser sentence.  Petitioner asserts that a statutory Booker error occurred because the court relied on the mandatory Sentencing Guidelines in sentencing him to life imprisonment under either the statute or the Sentencing Guidelines.  Petitioner also argues that he did not have the qualifying predicate convictions for the career criminal enhancement, and the court imposed a life sentence on the erroneous assumption it had no option.  Petitioner argues that his sentence cannot stand because there was not the five or more kilograms required to warrant mandatory life imprisonment, the jury could have rationally found less than five kilograms, and that there was no cocaine involved in the conspiracy.  Petitioner further argues that his attorney was constitutionally ineffective in failing to object to the statutory Booker error, incorrectly raising the Booker error on direct appeal, failing to challenge the drug quantity at sentencing and on direct appeal, and failing to

object that the case involved no cocaine at all.  (Cv. Doc. #2, pp. 17-22.)  The Court finds none of these issues meritorious.

The Eleventh Circuit has already resolved the issue of statutory Booker error, finding that there was such error but that the sentence need not be vacated because petitioner was sentenced based upon the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(ii). Paisley, 178 Fed. Appx. at 964.  The presence of mitigating factors under the Sentencing Guidelines could not change the mandatory minimum sentence imposed.

For the reasons stated earlier, the Court finds that petitioner's convictions properly qualified for the enhancements under § 851 and the Career Offender provisions of the Sentencing Guidelines.  Therefore, this issue is without merit.

The jury found petitioner was responsible for five or more kilograms of cocaine (Doc. #115).  Therefore petitioner's argument that five kilograms were not involved is without merit.

The Eleventh Circuit has already found there was sufficient evidence to support petitioner's conspiracy conviction.  Paisley, 178 Fed. Appx. at 960.  There is no requirement that actual cocaine exist in order to establish a drug conspiracy.  United States v. Sanchez, 138 F.3d 1410 (11th Cir. 1998); Ciszkowski, 492 F.3d at 1271.  Therefore, this issue is without merit.

The United States Supreme Court upheld the constitutionality of the Sentencing Guidelines in Mistretta v. United States, 488 U.S. 361 (1989).  Petitioner's attorney was not constitutionally

ineffective in failing to object to the statutory <u>Booker</u> error because an attorney is not ineffective for failing to anticipate a change in the law. <u>Funchess v. Wainwright</u>, 772 F.2d 683, 691 (11th Cir. 1985); <u>Pitts v. Cook</u>, 923 F.2d 1568, 1573-74 (11th Cir. 1991); <u>Bajorski v. United States</u>, 276 Fed. Appx. 952, 954 (11th Cir. 2008). Additionally, counsel raised the <u>Booker</u> error on direct appeal and it was properly decided against petitioner.

There was no proper basis for counsel to challenge the drug quantity at sentencing or on direct appeal, and an objection that the case involved no cocaine at all was not legally sound. <u>Sanchez</u>, 138 F.3d at 1414-15. Therefore, this issue is without merit.

## VI.

Petitioner argues that his trial counsel and appellate counsel provided constitutionally ineffective assistance by failing to raise more meritorious issues on his behalf in the district court and on direct appeal. These more meritorious issues, according to petitioner, are: (1) the federal courts lacked jurisdiction to prosecute or convict petitioner for an offense committed in the sovereign state of Florida which was not a national crime; (2) the constitutional <u>Booker</u> issue where no true drugs existed in the case and there existed a likelihood that the jury could have determined that a lesser quantity of drugs existed; (3) the failure to comply with the strict and mandatory requirements of § 851; (4) counsel's failure to inform petitioner of the § 851(a) information filed by

the government; (5) counsel's failure to contest the prior convictions used for enhancement purposes, which were erroneously separated when they had been consolidated in state court; (6) failure to preserve in the district court and raise on direct appeal the issues being raised in th § 2255 motion; and (7) failure to inform him correctly of the law in relation to an open guilty plea, which caused petitioner to suffer an enhanced sentence. (Cv. Doc. #2, pp. 23-27.)

**A. Federal Court Jurisdiction:**

Petitioner argues that a better issue which was not raised was that the federal courts lacked jurisdiction to prosecute or convict petitioner for an offense committed in the sovereign state of Florida which was not a national crime. This issue is without merit since the court had both personal and subject matter jurisdiction, and no attorney was required to raise the issues in order to be constitutionally effective.

Petitioner was arrested without a warrant based on probable cause. A Criminal Complaint (Cr. Doc. #1) was filed charging him with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and with using and carrying a firearm and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner had his initial appearance before a magistrate judge (Cr. Doc. #17), was ordered detained without bail (Cr. Doc. #35), was named in an Indictment (Cr. Doc. #39), and was

arraigned before a magistrate judge (Cr. Doc. #46). "A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003)(collecting cases). The Indictment (Cr. Doc. #39) charged petitioner with four violations of federal law, and therefore the district court had personal jurisdiction over petitioner.

Subject matter jurisdictional matters can always be raised by some vehicle. United States v. Cotton, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be waived by parties to litigation."); United States v. Harris, 149 F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted). Subject-matter jurisdiction defines the court's authority to hear a given type of case. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000), cert. denied, 531 U.S. 929 (2000)(quoting United States v. Morton, 467 U.S. 822, 828 (1984)).

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. CONST. art. III, § 1. Congress has conferred original

jurisdiction of "all offenses against the laws of the United States" to the federal district courts.  18 U.S.C. § 3231. Additionally, Congress has created district courts in each state, including the State of Florida.  It has further divided the state into three judicial districts and provided that Lee County, Florida will be in the Middle District of Florida and that court shall be held *inter alia* in Fort Myers.  28 U.S.C. § 89.  The four counts in petitioner's Indictment include one drug offense that is against the laws of the United States, 21 U.S.C. §§ 841(a)(1), 846, and three firearms offenses, all of which are against the laws of the United States, 18 U.S.C. §§ 922(g) and 924(c).  Congress had the authority to criminalize such conduct.  United States v. Mack, 198 Fed. Appx. 799, 802 (11th Cir. 2006); United States v. Peterson, 194 Fed. Appx. 786, 788 (11th Cir. 2006)(citations omitted). Therefore, the district court had subject matter jurisdiction.

   **B.  Constitutional Booker Issue:**

   Petitioner argues that a better issue which should have been raised was the constitutional Booker issue where no true drugs existed in the case and there existed a likelihood that the jury could have determined that a lesser quantity of drugs existed. This issue is without merit, and a competent attorney was not required to raise it.  As discussed above, the absence of "true drugs" is not fatal to the charge or the sentence.  Additionally, the jury was instructed that the five kilograms or more was an

element of the offense (Doc. #106), and the jury found petitioner guilty of the offense (Cr. Doc. #115).  As discussed above, the constitutional <u>Booker</u> issues were without merit as to the two counts with mandatory minimum sentences, and the sentences of imprisonment imposed on the other counts were imposed concurrently and, even if erroneous, are harmless beyond a reasonable doubt. <u>United States v. Campa</u>, 529 F.3d 980, 1018 (11th Cir. 2008).

### C. §851 Requirements:

Petitioner also argues that a better issue would have been to argue the failure to comply with the strict and mandatory requirements of § 851.  For the reasons stated above, none of petitioner's arguments in this regard have merit, and therefore were not required to be asserted in order for counsel to provide effective assistance.

### D. § 851 Information:

Petitioner argues that a better issue would have been to argue that counsel never informed petitioner of the § 851(a) information filed by the government.  Petitioner asserts that the January 26, 2004, scheduled sentencing was continued "because the Petitioner's attorney failed to provide him notice of the government's § 851(a) information."  (Cv. Doc. #2, p. 7.)  This is refuted by the record. Petitioner knew about the §851 notice and Information on the day it was filed, since the prosecutor spoke about them in open court on the first day of trial (Cr. Doc. #189, p. 5) when petitioner was

-28-

present (Cr. Doc. #189, p. 4).  Additionally, the January 26, 2004, sentencing was continued so the Court could review the legal issue raised by defense counsel, not because defense counsel had not informed petitioner of the §851(a) Information.  (Cr. Doc. #198, p. 11.)

**E.   Eligibility of Prior Convictions:**

Petitioner asserts that a better issue would have been counsel's failure to contest the prior convictions used for enhancement purposes and the erroneous separation of the two convictions which had been consolidated in state court.  As discussed above, counsel did raise the consolidation issue, there was no basis to contest the existence of the  prior convictions, and the argument that the convictions were not proper qualifying offenses is without merit.

**F.   Failure to Preserve Issues:**

Petitioner argues that counsel was ineffective in failing to preserve in the district court and raise on direct appeal the issues he is raising in the § 2255 motion.  For the reasons stated above, none of these issues have merit, and an attorney is not required to raise meritless issues.

**G.  Open Guilty Plea:**

Petitioner argues that his attorney was ineffective in failing to inform him correctly of the law in relation to an "open" guilty plea, which caused petitioner to suffer an enhanced sentence.

Petitioner does not explain what he believes an "open" guilty plea is, or how it would have avoided the statutory enhancements based upon his prior felony convictions.  Pleading guilty would not have negated the enhancements, and this issue is without merit.

### VII.

With the Court's permission petitioner was allowed to file a Supplemental Motion (Cv. Doc. #14) raising additional issues. Petitioner raises issues concerning his competency and the planting of evidence in his jail property.

### A.

Petitioner asserts that during his arrest he was shot in the head "without cause or reason."  (Cv. Doc. #14, pp. 2-3.) Petitioner argues that his attorney provided ineffective assistance because he failed to bring the shooting to the attention of the court, failed to request a competency hearing, and failed to seek a reduction in the sentence based on the gunshot.  Petitioner also suggests that he was in fact incompetent to stand trial.  (Cv. Doc. #14, pp. 2-3.)  The Court finds that these claims are without merit.

It is well established that the conviction of a legally incompetent person violates due process.  Pate v. Robinson, 383 U.S. 375, 378 (1966); Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995). Petitioner bears the burden of proving by a preponderance of the

evidence that he was incompetent to stand trial.  Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005);  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002), cert. denied sub nom. Boise Cascade Corp. v. United States, 538 U.S. 906 (2003); Watts v. Singletary, 87 F.3d 1282, 1290 (11th Cir. 1996).  The test for competency to stand trial is whether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether defendant has a rational as well as factual understanding of the proceedings against him.  Dusky v. United States, 362 U.S. 402, 402 (1960); Godinez v. Moran, 509 U.S. 389, 396 (1993); United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003); Tiller v. Esposito, 911 F.2d 575, 576 (11th Cir. 1990).  A substantive competency claim such as this cannot be procedurally defaulted.  Battle, 419 F.3d at 1298.

Additionally, a court has a due process obligation to conduct a competency hearing, even if not requested to do so, if there is reasonable cause to believe a defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Pate, 383 U.S. at 385; 18 U.S.C. § 4241.  In order to trigger the trial court's obligation to order a competency evaluation and hearing, the court must have information raising a "bona fide doubt" as to the defendant's competency.  Watts v.

Singletary, 87 F.3d at 1287.  This standard of proof is high, and the facts must positively, unequivocally, and clearly generate the *bona fide* doubt.  Battle, 419 F.3d at 1299.  Relevant information includes evidence of defendant's irrational behavior, demeanor at trial or in hearings, and prior medical opinion regarding his competence.  Tiller, 911 F.2d at 576.  If this procedural competency claim is not raised on direct appeal, it is procedurally defaulted.  Battle, 419 F.3d at 1298.

The underlying facts surrounding petitioner's arrest were accurately summarized in Paisley, 178 Fed. Appx. at 958.  As law enforcement agents moved in to arrest defendants, petitioner "attempted to flee but was brought down to the ground with rubber bullets.  A loaded firearm fell from Allen's waistband, and agents seized a two-way radio.  Agents also seized a two-way radio from Paisley along with a knife.  Agents seized loaded handguns from both Jones and Miller.  A search of the van revealed multiple guns, ammunition, and a blue duffel bag containing flex cuffs and duct tape."  The record reflects that the first rubber bullet hit petitioner in the hamstring with no effect, and the second rubber bullet hit petitioner in the right side of the face, causing him to stumble and fall to the ground.  (Cr. Doc. #191, pp. 403-05.)

The government filed a motion to continue the trial based in part because on August 27, 2003, petitioner's counsel indicated he would be filing a motion to obtain the services of a psychologist or psychiatrist because counsel had some concerns about petitioner,

in part because he had been shot in the head with a dummy bullet at the time of arrest.  (Cr. Doc. #69, p. 2.)  Defense counsel filed a motion to continue the trial in order for him to obtain medical records from the hospital that treated petitioner after his arrest, and to obtain the appointment of a psychological expert.  (Cr. Doc. #80.)  Defense counsel also filed a Motion to Appoint Expert Witness (Cr. Doc. #81) in connection with the evaluation of petitioner's mental processes.  The trial was continued on the government's motion and petitioner's Motion to Appoint Expert Witness was granted to the extent that counsel was allowed to retain such an expert (Cr. Doc. #85).  Counsel found no basis to request a competency hearing, and no reason was given the Court to conduct one *sua sponte*.  Petitioner spoke eloquently at sentencing, with an obvious understanding of the facts of the case and his circumstances.  (Cr. Doc. #203, pp. 10-13.)  The Court finds no error and no ineffective assistance of counsel.

**B.**

Petitioner also alleges ineffective assistance of counsel and the lack of a fair trial because the prosecutor committed misconduct by attempting to plant a scanner involved in the case in petitioner's property that was taken from the jail and his attorney never called this misconduct to the attention of the court.  (Cv. Doc. #14, pp. 4-5.)

The only scanner introduced as evidence by the government was Government Exhibit 22.  Co-defendant Rohan McKay testified that he brought the scanner to monitor the police.  (Cr. Doc. #191, p. 610.)  The testimony established that the scanner was found in the front passenger side of the Chrysler Sebring at the scene of the arrest.  (Id. at p. 468.)  The government did not ask any questions about the scanner which linked it to petitioner's property at the jail, and argued that the scanner came from the vehicle.  (Cr. Docs. #189, p. 126; #192, p. 841.)  Therefore, the Court finds petitioner's claims are without merit.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place of copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of October, 2008.

_____
JOHN E. STEELE
United States District Judge

-34-

Copies:
AUSA Michelland
Gary Livingston Allen
Counsel of record