```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

GARY LIVINGSTON ALLEN,

       Petitioner,

v.                                Case No: 2:17-cv-93-FtM-29MRM
                                       Case No. 2:03-CR-74-FTM-29

UNITED STATES OF AMERICA,

       Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of petitioner's Motion and Memorandum of Law in Support of Requested Relief Under Title 28 U.S.C. § 2255(f)(4) in Light of <u>Clarke v. [United] State[s]</u>, 184 So. 3d 1107 (Fla. 2016) (Cv. Doc. #1; Cr. Doc. #273)[1] filed on February 10, 2017. The Court notes that a Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed on July 8, 2016, remains pending in petitioner's previously filed § 2255 case. (2:07-cv-574-FTM-29DNF, Cv. Doc. #35.)

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc." hereinafter.

*I.*

On June 25, 2003, a federal grand jury in Fort Myers, Florida returned a twelve-count Indictment (Cr. Doc. #39) charging petitioner and others with conspiracy to possess with intent to distribute 5 kilograms or more of a detectable amount of cocaine, and several substantive counts.  Petitioner was specifically also charged in Count Four with knowingly carrying a firearm during and in relation to a drug trafficking crime, and with knowingly possessing a firearm in furtherance of the drug trafficking crime alleged in Count One; in Count Eight with being a convicted felon in possession of a firearm[1]; and in Count Nine with being an alien illegally and unlawfully in the United States in possession of a firearm.  After a trial, the jury returned a verdict of guilty on all charged counts.  (Cr. Doc. #115.)

On February 10, 2004, the Court sentenced petitioner to a term of life as to Count One, concurrent terms of 120 months of imprisonment each as to Counts Eight and Nine, and as to Count Four, a term of 5 years to be served consecutively to the terms imposed on Counts One, Eight, and Nine followed by a term of

---

[1] Count Eight was based on the following felony convictions: (1) aggravated assault in violation of Fla. Stat. § 784.021; (2) possession of cannabis with intent to deliver or sell in violation of Fla. Stat. § 893.031; and (3) possession of cannabis for the purpose of sale, deliver, or manufacturing in violation of Fla. Stat. § 893.13.  (Cr. Doc. #39, pp. 5-6.)

supervised release. (Cr. Doc. #157.) Judgment (Cr. Doc. #159) was issued on February 10, 2004. Petitioner filed a Notice of Appeal (Cr. Doc. #166), and on April 28, 2006, the Eleventh Circuit affirmed the conviction and sentence. (Cr. Doc. #217.)

On September 10, 2007, petitioner filed a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cr. Doc. #227) arguing ineffective assistance of counsel. (See 2:07-cv-574-FTM-29DNF.) On October 14, 2008, the undersigned issued an Opinion and Order (Cr. Doc. #235) denying all claims presented in the 2255 petition on the merits.[2] Petitioner filed an untimely appeal, which was dismissed for lack of jurisdiction. (2:07-cv-574-FTM-29DNF, Cv. Doc. #28.)

On June 16, 2016, the Court also issued an Opinion and Order in this previous 2255 case denying petitioner's Request for Correction of the Manifest Injustice and Clear Error finding that Fed. R. Civ. P. 60(b) was not available to petitioner to attack the decision on the merits without leave to file a successive petition, and in the alternative, that nothing in Clarke[3] suggested that the law had changed regarding 21 U.S.C. § 841. (2:07-cv-574-

---

[2] On September 9, 2010, the Court also denied a reduction of petitioner's sentence under Amendments 591 and 599. (Cr. Doc. #240.)

[3] Clarke v. United States, 184 So. 3d 1107 (Fla. 2016).

FTM-29DNF, Cv. Doc. #34.) Petitioner has filed a motion to reconsider this Opinion and Order, which remains pending.

On July 6, 2016, the Eleventh Circuit denied petitioner's Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255(h) based on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015) because Johnson "had no impact on the applicability of 21 U.S.C. § 851; however, even if it did, Allen's contention that his conviction in which adjudication was withheld does not support a § 851 enhancement is contrary to our prior holdings. *See United States v. Smith*, 96 F.3d 1350, 1351 (11th Cir. 1996) (explaining that a prior plea of nolo contendere with adjudication withheld in Florida state court is a "conviction" that supports an enhanced sentence under federal narcotics law)." (Cr. Doc. #269, pp. 5-6.)

*II.*

Petitioner is now seeking relief in a second 2255 based on the decision in Clarke v. United States, 184 So. 3d 1107 (Fla. 2016), which answered a certified question from the Eleventh Circuit that a guilty plea for a felony where adjudication was withheld does not qualify as a conviction under Fla. Stat. 790.23.[4]

---

[4] The Court notes that petitioner was not convicted under this particular statute, see supra n.1.

Petitioner filed the motion pursuant to § 2255(f)(4) arguing it is timely filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals.  28 U.S.C. § 2255(h)[5]; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).  Petitioner has not indicated that such certification was received, and in fact the record reflects that leave to file a successive petition was denied.  In the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction.  Farris v. United States, 333 F.3d 1211,

---

[5] Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

1216 (11th Cir. 2003); <u>El-Amin v. United States</u>, 172 F. App'x 942, 946 (11th Cir. 2006).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #273) is **DISMISSED** for lack of jurisdiction.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve

encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Petitioner
AUSA