UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:03-cr-74-JES-NPM

GARY LIVINGSTON ALLEN
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reconsideration of Order Granting Defendant's Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 (Doc. #308) filed on June 23, 2023. The government filed a Response (Doc. #309) on July 11, 2023.

On September 16, 2003, a jury returned a Verdict (Doc. #115) finding defendant and others of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count One), and further finding defendant guilty of carrying a firearm during and in relation to a drug trafficking crime and knowingly possessing the firearm in furtherance of a drug trafficking crime (Count Four), guilty of possessing a firearm and ammunition while being a felon in possession (Count Eight) and guilty of the same while being an alien illegally and unlawfully in the United States (Count Nine). Defendant was sentenced to a term of life on Count One, a term of 120 months as to Counts Eight and Nine, concurrently, and for a term of 5 years as to Count Four, to be served consecutively

to the term imposed in the other counts. (Doc. #159.) The Judgment and sentences were affirmed on appeal. (Doc. #217.) The Court denied relief under 28 U.S.C. § 2255 and dismissed a second petition as successive. (Docs. #235, #275.)

On April 29, 2020, defendant filed a *pro se* Motion Pursuant to 18 U.S.C. 3582(c)(1)(A) First Step Act (Doc. #279). The Court appointed the Federal Public Defender to represent defendant on the request. (Doc. #281.) Upon request, the Court expanded the scope of representation to allow the Federal Public Defender to also consider compassionate relief for their client. (Doc. #286.) On September 23, 2021, the Court denied relief under Section 404 of the First Step act because his case did not involve crack cocaine, making him ineligible for relief, and because defendant was deemed a career offender. (Doc. #288.)

On February 9, 2023, the Court denied a request for reconsideration because Federal Rule of Civil Procedure 60(b) does not apply to attack a criminal sentence but went further and noted that no alternative basis for jurisdiction would support a reduction in sentence and stating that previous relief was granted under Amendment 782. (Doc. #303.) In May 2023, defendant filed a Motion for an Order Reducing Defendant Gary Allen's Sentence Pursuant to 18 USCS 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines (Doc. #304) and Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36

(Doc. #305). The government did not file a response. On June 6, 2023, the Court issued an Order noting that "[b]oth motions requesting a reduction pursuant to Amendment 782 are premised on the statements made in a prior Order that a previous reduction had been granted." (Doc. #306, p. 1.) "Unfortunately, the Court erred when it cited the July 12, 2016 Order (Doc. #270) which granted a reduction to co-defendant Kerome Lendon Paisley, and not Mr. Allen. In any event, defendant is not eligible for a reduction under Amendment 782." (Id., p. 2.) As a result, the Court issued an Amended Order (Doc. #307) noting that it "previously found no basis for relief under the First Step Act." (Doc. #307.)

Defendant seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines asserting that the Court denied his Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 (Doc. #305) "without opposition and an adequate review." (Doc. #308, p. 2.) Defendant argues that his Rule 36 motion remains unresolved as to the issue of the Clerk's failure to record the time the government filed its notice of enhancement, defendant's single sentence was recorded as two separate sentences in the Presentence Report, and the Probation Office failed to record the correct drug amount as reflected in the judgment. In response, the government argues that the "alleged errors are not clerical; these alleged errors

- 3 -

are substantive in nature and therefore cannot be remedied through a Rule 36 motion." (Doc. #309, p. 2.)

"It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence. [] Our precedent provides that while Rule 36 may be used to correct a 'clerical' error in a written judgment, 'correction of the judgment [cannot] prejudice the defendant in any reversible way.'" United States v. Davis, 841 F.3d 1253, 1261 (11th Cir. 2016) (citations omitted).

The Notice of Government's Intention to Use Prior Convictions to Enhance the Penalty as to Count One of the Indictment as to Defendant Allen (Doc. #92) and Notice of and Information Charging Prior Convictions (Doc. #93) were manually stamped on September 9, 2003 by the Clerk's Office. The documents were later added to the electronic docket when the Middle District of Florida moved to an electronic filing system. "A paper not filed electronically is filed by delivering it: **(A)** to the clerk; or **(B)** to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 5(d)(2). There is no requirement for a time to be noted and no error to correct.

Defendant argues that a single sentence under Florida law was recorded as multiple sentences. The Court addressed this issue in the Opinion and Order on the request or habeas relief:

- 4 -

> The conduct underlying the two convictions occurred on different dates approximately eight months apart, and in two different cities in Florida. "Because the best marker of recidivism is repetition over time, we hold that convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses under section 841(b)(1)(A)." [United States v. Rice, 43 F.3d 601, 608 (11th Cir. 1995)]. Contrary to petitioners' argument, consolidation and concurrent sentences imposed by a state court does not result in the two convictions being considered as one for purposes of § 841(b)(1)(A). Rice, 43 F.3d at 607. See also United States v. Richardson, 273 F. App'x 793, 796 (11th Cir. 2008).
>
> Counsel did not provide ineffective assistance. Counsel raised and argued the issue that the two convictions should only be counted as one, but his position was overruled by the Court.

(Doc. #235, p. 16.)  The Court finds no basis for reconsideration.

The Presentence Report found 20 to 30 kilograms of cocaine were involved in determining the Base Offense Level, before adjusting for Chapter Four enhancements as a career offender. (Doc. #285, p. 15, ¶ 48.)  The Eleventh Circuit noted that the jury had "sufficient evidence to conclude beyond a reasonable doubt that Allen knowingly and voluntarily joined the conspiracy to rob the stash house of 20 to 30 kilograms of cocaine."  (Doc. #217, p. 13.)  "If a defendant does not specifically and clearly object to facts in the PSI, he waives any objection to them."  United States v. Rice, 784 F. App'x 714, 717 (11th Cir. 2019) (citing United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006)).

See, e.g., United States v. Jones, 704 F. App'x 843, 845 (11th Cir. 2017) (Correcting drug quantity of drug in Presentence Report was not minor or mechanical). In this case, an undercover agent discussed the details to rob the stash house and to steal the "approximately 20 to 30 kilograms of cocaine" at the stash house. (Doc. #285, p. 10, ¶ 20.) The facts in the Presentence Report were not disputed at sentencing. (Doc. #235, p. 10.)

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reconsideration of Order Granting Defendant's Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 (Doc. #308) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of July 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record