UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:03-cr-74-JES-NPM

GARY LIVINGSTON ALLEN

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion Seeking Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) (Doc. #313) filed on March 6, 2024. The government filed a Response in Opposition (Doc. #316), and defendant filed a Final Response to the Government (Doc. #319) construed as a reply. On April 25, 2024, the Court took the matter under advisement and appointed counsel to file a reply on behalf of defendant. (Doc. #320.) On August 23, 2024, the Federal Public Defender's Office filed a Supplemental Reply (Doc. #324).

*I.*

On June 25, 2003, a grand jury returned a twelve-count Indictment (Doc. #39) charging defendant and others with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count One) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and Mr. Allen with use and carrying a firearm during and relation to a drug trafficking crime (Count Four) in violation of 18 U.S.C. § 924(c)(1)(A), being a felon in possession

(Count Eight) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and being an alien in possession of a firearm (Count Nine) in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).  The government filed a Notice of Intention to Use Prior Convictions (Doc. #92) pursuant to 21 U.S.C. § 851 of its intention to seek an enhanced penalty as to Count One because defendant was convicted of two prior felony drug offenses: (1) possession of cannabis with intent to deliver/sell for which defendant entered a plea of guilty, adjudication was withheld, and defendant was placed on probation for 36 months; and (2) possession of cannabis with intent to deliver/sell and possession of drug paraphernalia for which defendant entered a plea of guilty, adjudication was withheld, and defendant was placed on probation for 36 months on Count I and one year probation on Count II.  (Doc. #93.)

After a jury trial with co-defendants Kerome Lendon Paisley, Jason Jones, and Damian Fitzgerald Miller, the jury returned a verdict of guilty on Counts One, Four, Eight, and Nine as to Allen. (Doc. #115.)  Defendant was deemed a career offender because he was 35 when he committed the offenses, Count One is a felony-controlled substance offense and Count Four is a felony crime of violence, and defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Defendant was sentenced on February 10, 2004, to a term of life on Count One, 120 months of imprisonment as to Counts Eight and Nine

concurrently, and 5 consecutive years on Count Four.  Judgment
(Doc. #159) was issued the same day, and the convictions and
sentence were affirmed on April 28, 2006.  (Doc. #217); United
States v. Paisley, 178 F. App'x 955 (11th Cir. 2006).

    Post-judgment, on October 14, 2008, defendant was denied
relief under 28 U.S.C. § 2255.  (Doc. #235); Allen v. United
States, No. 2:03-CR-74-FTM-29DNF, 2008 WL 4570326, at *1 (M.D.
Fla. Oct. 14, 2008).  The Court also found that defendant was not
entitled to relief under the First Step Act or Amendments 591,
599, or 782 of the U.S. Sentencing Guidelines.  (Docs. ## 240,
288, 306.)

## II.

    "The authority of a district court to modify an imprisonment
sentence is narrowly limited by statute." United States v.
Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  As applicable
here, the Court may not modify a term of imprisonment except upon
motion of the Director of the Bureau of Prisons or a motion by
defendant if the Court finds "extraordinary and compelling reasons
warrant such a reduction" and "a reduction is consistent with
applicable policy statements issued by the Sentencing Commission."
18 U.S.C. § 3582(c)(1)(A).  After an inmate exhausts
administrative remedies[1], a Court may reduce a sentence after

---

[1] The government concedes that defendant has exhausted his
administrative remedies.  (Doc. #316, p. 5.)

considering factors set forth in 18 U.S.C. § 3553(a) and if the Court determines that at least one of six reasons apply. Effective November 1, 2023, this includes that an "unusually long sentence" had been imposed:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13(b)(6). It is uncontested that defendant has served at least 21 years of his term of imprisonment. (Doc. #316 at 3.)

Another listed extraordinary and compelling reason is that defendant is suffering from a "medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

## A. Unusually Long Sentence

### 1. Commission Authority

As a threshold matter, the government argues that "[a]lthough Congress has delegated broad authority to the Sentencing Commission, subsection (b)(6) is contrary to the text, structure,

- 4 -

and purpose of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(a), and is therefore invalid." (Doc. #316 at 8.) The Court is not persuaded.

The Commission promulgates guidelines for a sentencing court to use in determining the sentence to be imposed and makes "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes" of Section 3553(a)(2), including modification provisions under Section 3582(c). 28 U.S.C. § 994(a)(2)(C). "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). "There is no question that 1B1.13 is *the* policy statement the Commission adopted to comply with this statutory mandate…. In other words, the statutory context shows us that the Commission had an obligation to define 'extraordinary and compelling reasons' for all motions under the statute, and that the Commission did so in 1B1.13." United States v. Bryant, 996 F.3d 1243, 1255 (11th Cir. 2021) (emphasis in original) (internal citations omitted). The Court finds that the amendment to § 1B1.13 was within the Commission's power. United States v. Allen, ___ F. Supp. 3d ___,

No. 1:09-CR-320-TCB, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability.").

### 2. Application to Current Case

The Court follows a three-step process: (1) determines whether defendant meets the criteria for an "unusually long sentence"; (2) determines whether defendant is dangerous to the safety of others; and (3) applies the 3553(a) factors to evaluate whether a reduction is warranted. United States v. Elie, 6:09-cr-50-ACC-DCI, Doc. #138 at 15 (M.D. Fla. May 3, 2024).

Under the new "unusually long sentence" amendment, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." U.S.S.G. § 1B1.13(c). Thus, the Court may consider the impact of the change in law "where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason

after the court has fully considered the defendant's individualized circumstances." Amendments to the Sentencing Guidelines, at 7 (U.S. Sent'g Comm'n Apr. 27, 2023)(effective Nov. 1, 2023).[2]

Defendant argues that he is serving an unusually long sentence, he has served more than 10 years, and the change in law reflects a gross disparity between the sentence being served and the sentence that would be imposed today. Defendant argues that he would no longer be deemed a career offender.

Under the December 2003 sentencing guidelines, defendant's base offense level was 34 based on 20 to 30 kilograms of cocaine involved in the offense (at least 15 but less than 50 kilograms of cocaine). The Chapter Four enhancements applied for a statutory maximum of life on Count One and a total enhanced offense level of 37 because Count One was a felony controlled substance offense and Court Four was a felony crime of violence and defendant had at least two prior felony convictions, to wit aggravated battery/pregnant, possession of cannabis with intent to deliver/sell, and possession of cannabis with intent to deliver/sell. As a career offender, defendant's criminal history category became a Category VI. (Doc. #317-1, Presentence Report (PSR) at ¶¶ 48, 56, 57, 59, 70.)

---

[2] https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.

Under the current guidelines, defendant's base offense level would be a 32 for the same amount of cocaine, U.S.S.G. § 2D1.1(c)(4), and defendant would be subject to a statutory term of 10 years to life without a criminal history or "a term of imprisonment of not less than 15 years and not more than life imprisonment" with a prior conviction for a serious drug felony or serious violent felony, 21 U.S.C. § 841(b)(1)(B)(ii). If a career criminal, defendant's total offense level would still be enhanced to a level of 37 but his guideline range of imprisonment would instead be subject to a range of 360 months to life imprisonment.

The government argues that defendant would remain a career criminal under current law and any intervening change in law is not an extraordinary or compelling reason for a sentence reduction. Counsel for defendant argues that the Eleventh Circuit has held that a Florida marijuana conviction is not a serious drug offense, and that defendant would not be a career offender.

As relevant here, under Chapter 4 of the Sentencing Guidelines as of 2002, the term "crime of violence" was defined as having "as an element the use, attempted use, or threatened use of physical force against the person of another" and "controlled substance offense" was defined as an offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to

manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2 (2002). Inchoate crimes such as conspiracy were not addressed. Under the current guidelines, a 'crime of violence' is (1) one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a) (2023). A 'controlled substance offense' means an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2(b). Inchoate offenses such as aiding and abetting, attempt, and conspiracy to commit the offense were added to the terms of crime of violence and controlled substance offenses. U.S.S.G. § 4B1.2(d).

Under Dupree, a "conviction for conspiracy to possess with intent to distribute heroin and cocaine in violation of § 846 is not a controlled substance offense because the plain text of § 4B1.2(b) unambiguously excludes inchoate crimes." United States v. Dupree, 57 F.4th 1269, 1280 (11th Cir. 2023). For Dupree, the conspiracy conviction counted as a third controlled substance offense qualifying him as a career offender under U.S.S.G. § 4b1.1(a).

In defendant's case, besides the conspiracy to possess with intent to distribute (Count One), defendant was also convicted of

a substantive offense of use and carrying a firearm during and relation to a drug trafficking crime (Count Four), which was counted as a felony crime of violence for the career offender enhancement. "[T]here has been no recognition by the Supreme Court of a newly recognized right regarding the definition of a "controlled substance offense" in the Sentencing Guidelines as set forth in Dupree that has been made retroactively applicable on collateral review." Wallace v. United States, No. CR 620-001, 2023 WL 5498992, at *2 (S.D. Ga. July 25, 2023), report and recommendation adopted, No. 6:20-CR-1-23, 2023 WL 5490155 (S.D. Ga. Aug. 24, 2023) (collecting cases). See also United States v. Lee, No. 8:18-CR-572-SDM-AEP, 2023 WL 1781648, at *3 (M.D. Fla. Feb. 6, 2023), certificate of appealability denied, No. 23-10522, 2023 WL 5273780 (11th Cir. June 28, 2023); Seymore v. United States, No. 2:20-CR-111-SPC-NPM, 2024 WL 50804, at *6 (M.D. Fla. Jan. 4, 2024), certificate of appealability denied, No. 24-10209, 2:23-cv-469-SPC-NPM, Doc. #25 (11th Cir. Aug. 1, 2024). Therefore, Dupree does not result in the sentence being unlawful and provides no relief for defendant.

That being said, it is undisputed that defendant was sentenced to the unusually long sentence of a life sentence on Count One. See United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) (collecting cases and finding that life is unusually long); United States v. Ware, No. 1:97-CR-00009-

SCJ, 2024 WL 1007427, at *8 (N.D. Ga. Mar. 6, 2024); United States
v. Harper, No. CV 1:04-CR-00218-SDG, 2024 WL 1053547, at *5 (N.D.
Ga. Mar. 11, 2024) ("87 years is, for the majority of people, a
literal and figurative lifetime"); United States v. Colley, No.
2:94-CR-7-RWS (1), 2024 WL 1516128, at *5 (N.D. Ga. Mar. 26, 2024)
(agreeing with Allen and Ware that 55-year sentence is unusually
long); United States v. Bizzell, No. 6:10-CR-145-MSS-EJK, 2024 WL
1832995, at *4 (M.D. Fla. Apr. 26, 2024) (finding 65-year sentence
is by any definition unusually long); United States v. McCain, No.
3:12-cr-34-TJC-MCR, 2024 U.S. Dist. LEXIS 80070 (M.D. Fla. May 2,
2024) (granting reduction).

### B. Medical Circumstances

Defendant also argues that he has stage-three kidney disease
and that he is not a danger to the public.  Defendant suffers from
stage 3a chronic kidney disease.  Defendant argues that he will
eventually need dialysis and there is no recovery from the
condition.  (Doc. #313, at 26-27.)  At stage 3a there is a mild
to moderate loss of kidney function and the disease may progress.
(Doc. #324 at 10.)  The documentation shows the diagnosis in a
list along with pain in his hand, constipation, and gastro-
esophageal reflux.  (Doc. #313, at 38.)  The documentation of
ongoing care and treatment is for hypertension, intermittent hip
pain, but not for the chronic kidney disease.  (Doc. #317-3 at 4.)
Defendant speaks to the future potential of long-term care,

dialysis, and kidney death.  Defendant does not currently require this specialized care and the fact that the "medical records do not reflect that critical aspects of the standard of care are being met" does not equate to inadequate care but rather that none is required at the moment other than for his blood pressure and diet. (Doc. #324 at 11.)  Based on the records provided, the Court cannot find an extraordinary and compelling medical reason exists for a reduction.

### *III.*

Even if the Court finds an extraordinary and compelling reason exists for a reduction in sentence, defendant must also not be a "danger to the safety of any other person or the community" and the reduction must be "consistent with this policy statement." U.S.S.G. § 1B1.13(a).

### A. Danger to Safety

A Court may reduce a term of imprisonment only if it determines that defendant "is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2). Factors the Court must consider include:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including-

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Starting with the nature and circumstances of the offense charged, on May 30, 2003, Allen and his co-defendants arrived at a motel in Naples, Florida with a CI to meet with an undercover

agent.   Allen was in one vehicle occupied by himself and co-defendants Paisley and Miller.   Allen was in the front passenger seat with a Glock 27, 40 caliber S/A pistol under the seat or in the front waistband of his pants.   The other defendants were also armed.   The undercover agent discussed the details of the plan to rob a stash house and steal the cocaine with defendants.   Allen agreed to the plan and that they would distribute the cocaine equally among them.   The undercover agent left them under the guise that he had to pay the motel bill and law enforcement descended.   Allen fled on foot and withdrew a Glock 27, 40 caliber S/A concealed in the waistband of his pants and dropped it as an agent shot him with a less than lethal weapon.   Allen was arrested. Allen did not know about the robbery until the undercover agent described the robbery details.   When the arrest team arrived, he picked up the gun and ran because he did not want to get into trouble.   While running, he lifted his shirt to throw the gun down.   Allen expected $500 payment that he planned to apply towards his state probation fees.   (Doc. #317-1 at 18-21, 30.)   At sentencing, the Court noted that while Allen's role may have been lesser than those who received an aggravating role adjudgment, as a career criminal Allen was not eligible for a role adjustment, and he did not otherwise qualify for a minor or minimal role. (Doc. #304-4 at 7-8.)

Looking at defendant's criminal history score, in 1996, defendant was given two years of probation for aggravated assault on a pregnant woman.  (Id. at 61.)  In 1999, defendant received a 36-month term of probation for possession of cannabis with intent to deliver/sell.  Defendant violated probation in July 2001 when he was found in possession of a .25 caliber handgun on July 27, 2001, he violated again on December 12, 2001, when he was found in possession of Darvocet and a violation was filed on January 16, 2002, and defendant violated again when he committed battery and resist/obstruct without violence on May 12, 2002.  A warrant was issued in 2003 for these offenses.  (Id. at 63.)  Defendant was not arrested for these offenses.  (Id. at 64.)  On June 2, 2000, a search warrant was executed, and they found over 28 grams of marijuana in a residence defendant admitted to renting.  (Id. at 65.)  Without the carer criminal enhancement, defendant's criminal history category would have been a III.  (Id. at 68-69.)

Defendant's co-defendant McKay, entered a Plea Agreement (Doc. #63), received a departure for substantial assistance (Doc. #130), and received a sentence of 108 months as to Count One and 60 months as to Count Two, to be served consecutively (Doc. #131).  Allen did not join the conspiracy until later.

Defendant is classified as medium security but at low risk for recidivism.  He was encouraged to complete FSA assignments to improve his score, including for anger/hostility.  Most recently,

- 15 -

discipline reports have mostly involved possessing unauthorized or stolen property with no incidents after 2016 through October 2022. (Doc. #304-2.)  An incident of threatening prison staff in 2023, is being appealed and will not be taken into consideration.  (Doc. #324 at 18.)

Defendant plans to live with his sister in Fort Lauderdale, Florida, if release and not deported as he is a citizen of Jamaica. Defendant also wishes to help one of his children who is homeless. (Id. at 19.)

The Court finds that defendant does not pose a danger to others, or the community based simply on his past criminal history given his more recent lack of violent incidents in prison.

### B. Section 3553(a) Factors

When imposing a "particular sentence" that is "sufficient, but not greater than necessary", the Court considers:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--
>
> > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > **(B)** to afford adequate deterrence to criminal conduct;
> >
> > **(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

> **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

> **(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).   At defendant's sentencing, the undersigned

asked the prosecutor whether a sentence of life was appropriate.

> THE COURT: Mr. Michelland, I have no choice and I'm going to impose a sentence required by law. But does the Government really think this man is the kind of three-time drug felon that that statute is aimed at? This man's prior two drug convictions where nolo contendre pleas that resulted in adjudications withheld and he was placed on probation, and now I'm compelled to sentence this man to life in prison.

> Now, I believe he was involved in this case, he had a gun and he was a felon and all those kinds of things. It sure is hard for me to see that Congress envisioned this kind of a guy as being mandatory life. This isn't a Jimmy Byrd situation. And you can respond if you wish. I'm going to impose a sentence, and this is your call, you filed the information, I can't

make you file it or unfile it. And I've already
ruled that it was done properly. But I sure
question the exercise of the Government's
discretion in this situation.

MR. MICHELLAND: Your Honor, I have my own
personal feelings which might be more in line
with the Court's, but I also have my
responsibility as a federal prosecutor, as an
Assistant united States Attorney, to answer to
the policies that have been mandated by the
Department of Justice, the Attorney General,
the United States Attorney for the Middle
District of Florida, and those policies in a
case like this require me to file an
enhancement, which I did.

There are certain circumstances where we do
not have to file enhancements but we need to
obtain authorization, and this was not the
type of case that would allow me to make that
request in good faith so I did not. And so I'm
stuck with the policy that we have, which is
to file the enhancement in the appropriate
cases and that's what I did.

THE COURT: Well, it sure seems to me I see a
lot worse people than Mr. Allen, many of them
appearing as Government witnesses. We haven't
had that information filed.

MR. MICHELLAND: That would be a situation – if
the defendant would have become a Government
witness that would be a situation which along
with other facts would allow the Government
not to file a substantial assistance I mean,
not to file an enhancement in this case.

Mr. Paisley – I'm sorry, Mr. McKay well, he
didn't have any priors so he didn't fall into
that category, But, you know, I just can't say
that this would be the case that falls within
the exceptions to the policy, Your Honor.  And
I agree that there are a lot of other
defendants who are much more worthy of getting
an enhancement or much worse defendants than
Mr. Allen is.

>Mr. Allen, I don't know what else to say. If the Court thinks maybe I should have just filed the enhancement for the 20 years, unfortunately the policy doesn't even allow me to do that. If he's got two priors then he's got to live with those two priors.
>
>THE COURT: Well, that's your call. I mean, those priors are there and they count as a matter of law, but, boy, no contest, adjudication withheld, probation and sentenced concurrently, I don't know. We're getting overboard here it seems to me.
>
>But in any event. Anything else?
>
>MR. MICHELLAND: No, Your Honor.

(Doc. #304-4 at 15-17.)  Defendant has served over 20 years, doc. #316, which sufficiently reflects the seriousness of the offense and provides a just punishment for the offense.  The Court finds that the factors weigh in favor of a reduction.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion Seeking Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) (Doc. #313) is **GRANTED.**

2. Defendant's sentence as to Count One is reduced to 360 months of imprisonment, the sentence as to Counts Eight and Nine remains the same and concurrent, and with Count Four remaining at a term of 5 years to be served consecutively to the term imposed on Counts One, Eight, and Nine, or time served, whatever is sooner, with all other terms and conditions to apply as originally imposed.

3. United States Probation shall file a copy of the final Presentence Report under seal.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of September 2024.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record